Daniel, Judge.
 

 This was an action for debt on a specialty: plea,
 
 non est factum.
 
 The plaintiffs declared on a bond dated, on the 16th April, 1823, for the sum of £8,500, made and executed to William Richardson and John Wall, as obligees. On the trial, the plaintiffs, to support their declaration, offered in evidence a bond for the same sum and date, but executed by the defendants to the said William Richardson and John Wall, Esqrs:
 
 “
 
 and the rest of the justices assigned to keep the peace for Rutherford county,” “ to be
 
 paid
 
 to the said William Richardson and John Wall.” The reading of this bond in evidence was objected to, as it appeared to be a bond given to more joint obligees, than the one declared on professed to be. The court rejected the evidence; and the plaintiffs were nonsuited and appealed.
 

 If the obligors, on a breach of the bond, had paid to
 
 *297
 
 Richardson and Wall, it would have been a good satisfaction and discharge. But if the obligors failed to pay as it is alleged they did, then the instrument offered in évidence informs us that the obligors have contracted, under their seal, ° with several other obligees besides Richardson and Wall, Those other obligees are not made parties plaintiffs in the declaration; nor is there any averment in the declaration that they are dead, so as to enable Richardson and Wall to sue as survivors. In actions
 
 ex
 
 contractu, the omission to join as plaintiffs in the writ and declaration all those that ought to be joined, (viz. all the obligees who are alive,) may be taken advantage of on the trial under the general issue. The con-0 0 tract and obligation were made to others besides Richardson and Wall. The words in the contract
 
 “to be
 
 paid to said Richardson and Wall,” do not restrict the legal force thé deed to those two only; but as the contract is made jointly with all the named obligees, all must join as plaintiffs the action. The plaintiffs could have averred in their declaration, who were justices at the date of the bond and have made them parties plaintiffs. And they could, and ought to have averred the death of any of the obligees, if any had died since the date of the bond, to enable the survivors to sue and maintain the action. The bond offered in evidence, was a different one from that described in the declaration, and it was properly rejected bythe Court. The judgment must be affirmed.
 

 T In actions
 
 ex contrac
 
 the plaintiffs |a|e issue,
 

 Per Curiam. Judgment below affirmed.